IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hammerwood Avenue, | No. C 04-01081 JW |
| Plaintiff(s), | **ORDER FOLLOWING PRELIMINARY PRETRIAL CONFERENCE** |
| v. | |
| Thermo Electron Corporation et al, | |
| Defendant(s). | |

On July 13, 2006, the Court conducted a preliminary pretrial conference. The Court orders the parties to comply with the following:

A. <u>Meet and Confer Requirement</u>

1. On or before September 13, 2006, the parties shall meet and confer with respect to the Joint Pretrial Conference Statement, submission of a joint list of witnesses, a joint list of trial exhibits and a joint list of discovery material which each party intends to offer in evidence as a part of its case-in-chief. Unless objections are made in accord with this Order, all witnesses, exhibits and discovery material contained on the joint submission shall be deemed admissible into evidence by stipulation.

B. <u>Objections and Lodging Disputed Material with the Court</u>

2. If a party objects to receipt into evidence of a witness, exhibits or discovery response, the party shall advise all opposing parties during the conference and attempt to resolve the dispute. If the parties are unsuccessful in resolving the dispute, any party wishing to object to

1  receipt of the testimony of any witness, any exhibit or discovery response into evidence shall
2  lodge with Chambers a copy of the disputed material on or before September 22, 2006, together
3  with a brief statement of the objection and any response by the proffering party.  The Court will
4  indicate on the submitted copy whether the objection is overruled or sustained and return the
5  material to counsel.

### C. Lodging Joint Pretrial Conference Statement and *In Limine* Motions

3. On or before September 22, 2006, the parties shall file and lodge with Chambers the following:

   a. <u>Joint Pretrial Conference Statement:</u> The parties shall file a joint pretrial statement which shall contain the following information:  (1) a brief description of the substance of each claim which remains to be decided (the description must list the essential elements which the party contends it must prove in order to prevail on each claim); (2) as to each claim, a detailed statement of all the relief requested, particularly itemizing the amount of damages being requested; (3) as to each claim, a description of each defense which is being asserted; (4) a plain and concise statement of any relevant facts not disputed to which the parties stipulate; (5) a list of all fact witnesses likely to be called at trial, other than solely for impeachment or rebuttal; (6) a list of all expert witnesses and the field of expertise in which the witness is tendered as an expert; (7) an estimate of the number of hours needed for the presentation of each party's case; and (8) any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

   <u>Counsel are directed to meet and confer in advance of the date for submission of pretrial material with respect to the pretrial conference statement</u>.

   b. <u>*In Limine* Motions</u>:  Any *In limine* motions shall be filed in writing and submitted along with the Joint Final Pretrial Conference Statement.  Any opposition shall be filed in writing and served on or before October 13, 2006.  These motions will be deemed submitted without oral argument, unless the Court orders otherwise.

### D. Final Pretrial Conference

4. The Court will conduct a Final Pretrial Conference with the parties on <u>October 23, 2006</u>. The trial attorneys must attend the conference. At the final pretrial conference the Court will consider issues raised in the Final Pretrial Conference Statement, motions *in limine* and discuss the procedures for trial of the case.

### E. Lodging Witness Lists, Exhibit Lists and Proposed Jury Instructions

5. On November 7, 2006, the parties shall lodge with Chambers the joint list of witnesses, and a joint list of exhibits. Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court. The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts to be used at the trial.

6. To accommodate consideration of electronic exhibits, as the trial progresses, the parties will load images of the admitted exhibits onto a stand alone hard drive or CD or DVD in "pdf" format. The parties shall ensure that, apart from whatever technical material is necessary to operate the system, the CD, DVD or hard drive contains only the items specified in this order and nothing else. The images will be placed in a folder labeled "Admitted Exhibits" that shall contain all trial exhibits received into evidence. In addition to the exhibits, themselves, the folder shall contain a file labeled "List of Admitted Exhibits by Exhibit Number." The "List" shall list in numerical order by Trial Exhibit Number, each admitted exhibit, along with the date of the document (where available), and a brief description of the exhibit. To the extend practicable, the "List" shall be text searchable and hyperlinked to the Exhibits, themselves. The folder shall contain a second filed labeled "List of Admitted Exhibits by Date." This second "List" shall contain the same information, except that the exhibits will be listed in chronological order, according to the date the document was prepared. The external stand alone hard drive or CD or DVD and a printed copy of the exhibit lists will be marked as exhibits and placed in evidence as demonstrative exhibits.

7. Before the case is submitted for decision, each party will be deemed to have had an

opportunity to review the material described in the previous paragraph to ensure their accuracy. Unless a party objects before the case is submitted for decision to the judge or jury, the party will be deemed to have waived any and all objections to the submitted materials.

      8.      To accommodate review of electronic exhibits, the parties will jointly provide the jury with the following equiment: a laptop computer, the external stand alone hard drive, CD or DVD, a printer (and, if practicable, an LCD projector).

      9.      During its closing instructions, the Court will advise the jury of the form in which exhibits will be submitted to them.  The jury will also be instructed that, unless impracticable, upon a juror's written request, a printed copy of any exhibit received in evidence will be provided to the jury.  Before the jury retires to deliberate, the parties will provide a tutorial to the jurors on how to operate the equipment, how to view the exhibits, and how to print the exhibits if the jury wishes to do so.  A written set of instructions on operations of the equipment will be sent into the jury room.

      10.      When the jury is deliberatiing, at least one lawyer for each side shall remain in close proximity to the courtroom.  In the event of any technical problem, or if the jurors have questions about how to operate the equipment, the jurors shall pass a note to the clerk, just as with any other questions they may have.  The Court will read the note to the lawyers.  Those lawyers shall consult with each other and with their respective technicians, and propose to the Court how they wish to address the technical problem.

      11.      The parties shall maintain a backup laptop computer and a backup hard drive with identical images and data at the courthouse such that, in the event of a technical problem that cannot be quickly and easily remedied, the equipment can be replaced.

      12.      Unless the Court orders otherwise for good cause shown, the expense of the equipment equipment and the costs of preparation of the Lists and Exhibits will be shared equally among the parties.

      13.      This Standing Order also applies to cases tried to the Court sitting without a jury, except that paragraphs 8-11 do not apply.

4

14. The Parties are ordered to meet and confer in advance of trial establish a procedure for complying with this Order with respect to electronic exhibits.

15. Upon request made at the final pretrial conference, in noncomplex cases the Court will excuse the parties from using electronic formatted documents. In that event on the first day of trial, the parties shall submit exhibits as follows:

    a. A copy for the trial judge;

    b. A copy for the witness stand. The Court prefers the parties to prepare a binder for each witness, which contains only those documents pertinent to that witness.

    c. No duplicates of a document shall be submitted, unless the duplicate copy has independent evidentiary value to prove some disputed issue of material fact (e.g., date stamp to prove receipt on a particular date, where date of receipt is a disputed issue of a material fact).

16. At the Final Pretrial Conference, the parties shall submit proposed jury instructions and verdict forms on both hard copy and disk format. The Court will give the preliminary instructions contained in the <u>Model Jury Instructions of the Ninth Circuit</u> at the beginning of the trial and will give the standard closing instructions <u>Model Jury Instructions of the Ninth Circuit</u> prior to closing argument. The parties need not submit preliminary or introductory closing instructions, unless they wish the Court to consider giving a particular instruction.

17. If the parties are unable to agree on a particular substantive instruction, the set of instructions submitted by the parties shall contain each party's version of the contested instruction containing a citation of authority for the instruction.

F. <u>Proposed Findings (Nonjury Trials)</u>

18. In nonjury trials, on the first day of trial, each party shall submit its proposed findings of fact and conclusions of law.

G. <u>Trial Schedule</u>

19. Pursuant to stipulation, the trial schedule for this case will be as follows:

Jury selection at 9:00 a.m. on November 7, 2006

Trial sessions from 9:00 a.m. - 12:00 p.m. and 1:00 p.m. - 4:00 p.m. on the following days in

5

2006: November 7-9, 14-17, 21, 22, 28-30 and December 1, 5-8, 12-15.

Case submitted to the jury on December 15, 2006.

Jury deliberations on December 19-20, 2006.

20. The time allowed for trial shall be divided equally between the plaintiff's side and the defendant's side. Co-parties are ordered to meet, confer and agree to an allocation among themselves. A party may spend its allocated time presenting its own case or on cross-examination of witnesses called by other parties or for presentation of a counterclaim. When a party's allocated time period has expired, unless otherwise ordered for good cause shown, no further time will be allowed to that party if it would interfere with the ability of the opposing party to present its case.

Dated: July 14, 2006                                    /s/ James Ware
04eciv1081pptc                                          JAMES WARE
                                                        United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**
Allen Ruby aruby@rubyschofield.com
Anne-Marie Waggoner awaggoner@rubyschofield.com
Christine H. Long christine.long@berliner.com
Glen W. Schofield gschofield@rubyschofield.com
Jonathan David Wolf Jdw@berliner.com
Shannon N. Cogan shannon.cogan@berliner.com
Steven A. Ellenberg sellenberg@rubyschofield.com

**Dated: July 14, 2006**                             **Richard W. Wieking, Clerk**

                                                     **By:  /s/ JW Chambers**
                                                     **Melissa Peralta**
                                                     **Courtroom Deputy**